**Joe Emilio SELGADO, Appellant,**

v.

**J. E. BAKER, Warden, Appellee.**

**No. 9912.**

United States Court of Appeals
Tenth Circuit.

May 17, 1968.

Thomas O. Olson, Sp. Asst. Atty. Gen., has filed a motion to affirm for appellee.

No response has been filed by appellant.

Before MURRAH, Chief Judge, and SETH, Circuit Judge.

PER CURIAM.

Appellant, a state prisoner, was convicted and sentenced for aggravated battery. He appeals from a denial of a petition for a writ of habeas corpus.

His primary contention concerns allegedly prejudicial pre-trial publicity which he claims deprived him of a fair and impartial trial. This claim concerns certain newspaper articles published more than two months before trial. These articles described appellant's arrest and arraignment at which time he entered a plea of not guilty.

The release and publication of material of this nature has been approved by the American Bar Association.[1] To hold such publicity prejudicial would require total censorship of the news media. The trial judge questioned the members of the jury and found that none had read these articles. We are satisfied that this appellant was not denied a fair trial by this pre-trial publicity. Compare Aiuppa v. United States, 393 F.2d 597 (10th Cir. 1968) with Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966) and Mares v. United States, 383 F.2d 805 (10th Cir. 1967).

Appellant also contends his conviction was constitutionally defective since he was not represented by counsel at his arraignment. A plea of not guilty

1. Reardon, Fair Trial—Free Press Standards, 54 American Bar Assoc. Journal 343, April, 1968.

was entered at arraignment and counsel was appointed prior to the preliminary hearing. The mandate of Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965) was thus satisfied.

█ Appellant's other claims relating to the sufficiency of the information and correctness of the trial court's instructions do not reach a constitutional level cognizable in federal habeas corpus. Kinnell v. Crouse, 384 F.2d 811 (10th Cir. 1967).

Appellee's motion to affirm is granted and the order of the district court is affirmed.