CARLTON, Justice.
The Circuit Court for the Sixth Judicial Circuit, Pinellas County, entered an Order Vacating the Judgment and Sentence in each of these three consolidated cases following disclosure of the fact that ap-pellees’ respective felony . convictions stemmed from prosecutions initiated by informations which contained erroneously executed affidavits. The Court also held that Fla.Stat. § 906.04(2), F.S.A. which places limitations upon the opportunity to question the validity of an information, was unconstitutional as applied to the ap-pellees. On direct appeal by the State under Article V, Section 4(2), Florida Constitution, F.S.A., we reverse the Order.
Appellees were convicted of the following separate, unrelated felonies: Polo, convicted of robbery in 1967; Creamer, convicted of aggravated assault in 1967; Williams, convicted of assault with intent *458 to commit robbery in 1968. All three plead not guilty at the time of their arraignment. In each case, prosecution was initiated by an information signed by the late Clair Davis, Prosecuting Attorney for Pinellas County. Under Fla.Stat. § 906.04(1), F.S.A., which gave practical effect to Section 10, Declaration of Rights, Florida Constitution (1885) [now Article I, Section 15(a), Florida Constitution], all informations are to be subscribed by the prosecuting attorney and verified by his oath. Verification takes the form of an attachment to the information, referred to as an affidavit or a jurat, which contains a statement that the information has been personally sworn to and subscribed by the prosecuting attorney before the clerk of the court in which the information is filed.
It appears that late in 1968, appellees Polo and Creamer took note of an article printed in a St. Petersburg, Florida, newspaper in which it was stated that Mr. Davis had made it a practice to send informations to the Pinellas County Circuit Court clerk with the affidavit already signed. The article indicated that the clerk routinely filed the informations after completing his part of the pre-signed affidavit without question. Polo and Creamer filed Rule 1.850, 33 F.S.A. motions for vacating judgment and sentence in their respective cases on the premise that their informations had been among those pre-signed by Mr. Davis. They urged that Section 10 of the Declaration of Rights specifically provided that no person shall be tried for a felony upon an information unless the information has been “[Ujnder oath filed by the prosecuting attorney of the court wherein the information is filed.” They also pointed out that Fla.Stat. § 906.04(1), F. S.A. states: “All informations shall be subscribed by the prosecuting attorney, and verified by the oath of the prosecuting attorney.”
In resisting appellees’ motions, the State argued that Fla.Stat. § 906.04(2), F.S.A. was controlling: “No objection to any information on the ground that it was not subscribed or verified, as above provided, shall be made or entertained after moving to quash or pleading to the merits.” In response, appellees contended that the defects were masked by collusion between the prosecutor and the clerk and that since the defects were not apparent, it could not be said that appellees had knowingly and intelligently waived their constitutional right to a validly executed information. The Circuit Court accepted the propositions advanced by appellees and ruled in favor of their release. Appellee Williams appears from the record to have based his Rule 1.850 motion to vacate on other grounds, but the Court apparently examined the Williams information and concluded that it too contained a defective affidavit.
In Champlin v. Cochran, 125 So.2d 565 (Fla.1961), we had occasion to determine whether the failure of a county solicitor to attach an oath to an information was fatal to a conviction after a plea of not guilty and a trial on the merits. Cham-plin contended in a habeas corpus proceeding in this Court that the requirement of an oath was essential to the validity of an information and that an unsworn information could not possibly sustain a conviction. We held that the principal reason for the oath requirement was merely to secure good faith on the part of the prosecutor; that the affidavit was not a part of the charge or the statement of the accusation against a defendant; and further, that being a matter of form, a defective affidavit, or the total absence of an affidavit, could be waived by failure to make timely objection. See Bryan v. State, 41 Fla. 643, 26 So. 1022 (1899); Sutton v. State, 202 So.2d 589 (1st D.C.A.Fla.1967).
In the instant case, the Circuit Court recognized the three cases cited above, but concluded that they were pertinent only in the event that any defect was apparent. We do not find any re *459 striction in the language of Fla.Stat. § 906.04(2), F.S.A. which indicates that the opportunity to object to an affidavit, or its absence, is limited only to the context of an apparent error or omission. Under Fla.Stat. § 906.28, F.S.A., a copy of the information initiating prosecution was made available to each of the appel-lees, and they do not claim that they had been denied an opportunity to test if the information was validly executed. Having failed to be sufficiently diligent, they cannot now be heard to complain about their informations. Fla.Stat. § 906.04(2), F.S. A. clearly contemplates that the opportunity to object to an information’s form be prudently circumscribed lest a fair trial process and an honest verdict be negated by a formal defect not going to the substance of the charge levied against a criminal defendant. See also Fla.Stat. § 906.25, F.S.A.
On the basis of Champlin v. Cochran, Bryan v. State, and Sutton v. State, all cited supra, and on the basis of what we perceive to be the clear meaning of Fla. Stat. § 906.04(2), F.S.A. we reverse the Order appealed from to the extent that it pertains to the release of appellees on account of defects in the informations initiating their prosecutions.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and BOYD, JJ., concur.