**Virgil HAYWARD, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 71–2732

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1972.

Virgil Hayward, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

By petition for writ of habeas corpus, Virgil Hayward is seeking relief from three convictions for uttering forged checks and one for escape. Represented by counsel, he pled guilty to these charges in the Sixth Judicial Circuit Court of Pinellas County, Florida. Although there was no direct appeal, petitioner has adequately exhausted his state post-conviction remedies, as is required by the provisions of 28 U.S.C. § 2254.

▮ Petitioner's sole contention is that his convictions are invalid because the criminal informations were not properly verified by the state's attorney. In support of this contention, Haywood relies on a Florida case which was reversed on appeal. The Florida Supreme Court has now held that formal defects in an information not objected to prior to trial do not affect the validity of the conviction, and cannot be complained of after verdict. State v. Polo, 242 So.2d 457 (Fla.1970).

We agree with the district court that this appeal involves a matter of state law which does not amount to violation of any federally protected right of the appellant. See United States ex rel. Budd v. Maroney, 398 F.2d 806 (3d Cir. 1968); Selgado v. Baker, 394 F.2d 831 (10th Cir. 1968); Johnson v. Beto, 383 F.2d 197 (5th Cir. 1967), cert. den., 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968). The denial of the petition is affirmed.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.