UNITED STATES of America, Plaintiff-Appellee,

v.

Peter COLLINS, a/k/a "Gypsy Black", and Inett Branch, Defendants-Appellants.

No. 72–2063

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Sherman F. Raphael, New Orleans, La. (Court-Appointed), for Collins.

Stephen B. Murray, New Orleans, La. (Court-Appointed), for Branch.

Gerald J. Gallinghouse, U. S. Atty., Harry R. Hull, Jr., Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

WISDOM, Circuit Judge:

On this appeal, the defendants, Peter Collins, also known as "Gypsy Black," and Inett Branch, challenge their convictions for knowingly and intentionally distributing 12.58 grams of heroin in violation of 21 U.S.C. § 841(a)(1). We affirm.

The defendants contend, first, that the trial court erred in failing to instruct the jury that the testimony of an addict-informer is inherently suspect and should be weighed with great caution. At trial, the Government called Henry Hawkins, a former heroin addict, as a witness to testify against the defendants. Hawkins was an informer for the Bureau of Narcotics and Dangerous Drugs and played an important role in the events leading to the defendants' arrest. Collins and Branch admit that they did not request a special instruction to the jury regarding the credibility of an addict-informer and that they made no objection to the trial court's charge.

■■ This Court, of course, can recognize plain errors committed by the trial court even in the absence of a timely objection at trial. Fed.R.Crim.P. 52(b); Bearden v. United States, 5 Cir. 1968, 403 F.2d 782; Kyle v. United States, 5 Cir. 1968, 402 F.2d 443. Plain errors are those involving serious deficiencies which affect the fairness, integrity or public reputation of the judicial proceedings or which constitute obvious error. United States v. Jacquillon, 5 Cir. 1972, 469 F.2d 380. Although the defendants would clearly have been entitled to a special instruction on

addict-informers had they requested one, we have never held that the trial court's failure to give the instruction always requires reversal. The touchstone is fundamental fairness. In the present case, the record reveals that Hawkins' testimony was extensively corroborated and that the proof of guilt was strong and convincing. In these circumstances, we cannot say that the defendants were significantly prejudiced by the absence of the instruction. United States v. Kinnard, D.C. Cir. 1972, 465 F.2d 566, relied on by the defendants, applies only to situations in which the defense has requested a special instruction and is not contrary to our present holding. We conclude that there was no plain error. See Dewitt v. United States, 5 Cir. 1967, 383 F.2d 542; Crane v. United States, 5 Cir. 1962, 309 F.2d 464.

Second, the defendants contend that the trial court erred in excluding evidence of two pending charges against Hawkins. The evidence sought to be admitted included a bill of indictment charging Hawkins with administering a narcotic drug to a person under the age of twenty-one and a bill of information charging Hawkins with possession of an opium derivative.

The rule in this circuit has long been that evidence of pending charges, including indictments and informations, cannot be used to impeach the credibility of a witness. Coyne v. United States, 5 Cir. 1917, 246 F. 120. See also United States v. Bolden, 7 Cir. 1965, 355 F.2d 453, cert. denied 384 U.S. 1012, 86 S.Ct. 1919, 16 L.Ed.2d 1018; United States v. Pennix, 4 Cir. 1963, 313 F.2d 524; Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168; Manley v. United States, 6 Cir. 1956, 238 F.2d 221.

We have also held, however, that evidence of pending charges is admissible for the purpose of showing bias, prejudice, and motive of a witness. Grant v. United States, 5 Cir. 1966, 368 F.2d 658; United States v. Bonanno, 2 Cir. 1970, 430 F.2d 1060; Hughes v. United States, 9 Cir. 1970, 427 F.2d 66; United States v. Polisi, 2 Cir. 1969, 416 F.2d 573; United States v. Hogan, 3 Cir. 1956, 232 F.2d 905. The defendants contend that the evidence of the pending charges should have been admitted to show that Hawkins' testimony may have been motivated by the promise or prospect of leniency. They argue that this is especially applicable in this case since Hawkins denied that there were any charges pending against him.

In response, the Government contends that when principles governing admissibility of evidence conflict, the question of admissibility should be left to the discretion of the trial court. United States v. Amabile, 7 Cir. 1968, 395 F.2d 47, vacated on other grounds, Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297. The Government points to several factors in the present case favoring the trial court's decision to exclude the evidence of pending charges. Most importantly, there was no evidence that the Government agents with whom Hawkins co-operated were aware of these pending charges or that the Government had either promised or actually accorded favorable treatment to Hawkins in those cases. Thus, the Government argues that no ground work had been laid for the admissibility of the pending charges and the trial court properly excluded the evidence as irrelevant.

We find it unnecessary, however, to rely upon this reasoning. Hawkins' testimony was corroborated in every detail by the Government agent, Stevens, who accompanied Hawkins during the events leading to the defendants' arrest. The evidence of the defendants' guilt was exceptionally strong. Hawkins' testimony was cumulative and unnecessary. In these circumstances, we are convinced that the trial court's error, if any, was harmless beyond a reasonable doubt. United States v. Lipscomb, 5 Cir. 1970, 435 F.2d 795, cert. denied 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331, rehearing denied 402 U.S. 966, 91 S.Ct. 1635, 29 L.Ed.2d 131; Loftis v. Beto, 5 Cir. 1971, 450 F.2d 599; Milton v.

Wainwright, 1972, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1; Schneble v. Florida, 1972, 405 U.S. 427, 92 S.Ct. 1056, 31 L. Ed.2d 340; Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284; Chapman v. California, 1966, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Finally, the defendants contend that the trial court erred in denying defendants' motion for a 60 day continuance. On the day of the trial, April 3, 1972, the defendants moved for a 60 day continuance because of two recent articles appearing in local newspapers relating to a campaign by the federal government to prosecute narcotic pushers. One of the articles, published on March 26, 1972, stated that the President had made a nation-wide drive on narcotic pushers and was concentrating on 33 cities, including New Orleans, Louisiana. The defendants contend that they were prejudiced by the newspaper articles, particularly because their trial was being held in New Orleans, and that a fair trial was not possible at that time. The trial judge denied the motion because there was no indication that the situation would be any different in 60 days, and in fact, the situation might even be less favorable. The trial judge did agree, however, to ask on voir dire examination whether any publicity that prospective jurors may have read would prevent them from deciding the case fairly and impartially. The trial judge also instructed the prospective jurors that they were to disregard any publicity about the case, that their verdict must not be influenced by anything occurring outside the courtroom, and that they were not to listen to news reports or other accounts of the trial.

When there is a reasonable likelihood that pretrial publicity may prejudice the rights of the accused and prevent a fair trial, the trial court may grant a continuance for a sufficient period of time so that public excitement will subside and the possibility of prejudice will diminish. Whether a continuance should be granted is left to the sound discretion of the trial court. United States v. Nix, 5 Cir. 1972, 465 F.2d 90; Welsh v. United States, 5 Cir. 1968, 404 F.2d 414; Silverthorne v. United States, 9 Cir. 1968, 400 F.2d 627. The trial court may question prospective jurors on voir dire about their exposure to pretrial publicity and their possible opinions concerning the guilt or innocence of the accused. Having determined the nature and extent of the pretrial publicity and its effect upon the jurors, the trial court may issue appropriate orders, including continuances, to insure the conduct of a fair and impartial trial. Gordon v. United States, 5 Cir. 1971, 438 F.2d 858; United States v. Manning, 5 Cir. 1971, 440 F.2d 1105.

After reviewing the record in the present case, we find no abuse of discretion by the trial court. The pretrial publicity consisted of two newspaper articles referring to the federal government's campaign against narcotic pushers. The reports made no mention of the government's case pending against the defendants. After examining the jurors on voir dire, the trial court concluded that the defendants' rights had not been prejudiced and that a fair trial was possible. The defendants have failed to show that this determination was incorrect. Irvin v. Dowd, 1961, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751; Rideau v. Louisiana, 1963, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663, and the other cases relied on by the defendants are clearly distinguishable on their facts.

We conclude that the decision of the trial court must be affirmed.

Affirmed.