**Johnnie Lee MILLER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 73–2153
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1973.

J. Michael Hayes, Tampa, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Baya Harrison, III, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Miller, a Florida state prisoner, appeals from the denial of habeas corpus after an evidentiary hearing. He attacks his state court conviction and sentence for second degree murder on two grounds: (1) illegal search and seizure of a weapon introduced at his trial; (2) denial of his constitutional right to full and adequate cross-examination. We affirm.

■ The evidence fully supported the district court's finding of probable cause to arrest the defendant. The district court also correctly held that the search and seizure of the weapon which occurred at about the same time as defendant's arrest was therefore lawful, being incidental to the arrest. *See* United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); Lovelace v. United States, 5 Cir. 1966, 357 F.2d 306, 310; Holt v. Simpson, 7 Cir. 1965, 340 F.2d 853.

■ Appellant's second ground relates to unsuccessful attempts to cross-examine prosecution witnesses concerning an alleged statement of appellant made at or near the time of his arrest. Our review of the circumstances does not convince us that the matter complained of rises to constitutional proportions even if the state trial court erroneously restricted cross-examination. *See* Summerville v. Cook, 5 Cir. 1971, 438 F.2d 1196.

Affirmed.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.