Phillip WASHINGTON,
Petitioner-Appellant,
v.

Ross MAGGIO, Acting Warden, Louisiana
State Penitentiary, Respondent-Appellee.

No. 76–2218

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1976.

Rehearing and Rehearing En Banc
Denied Dec. 13, 1976.

Phillip Washington, pro se.

Harry F. Connick, William L. Brockman,
New Orleans, La., for respondent-appellee.

Appeal from the United States District
Court for the Eastern District of Louisiana.

Before BROWN, Chief Judge, and GEW-
IN and MORGAN, Circuit Judges.

PER CURIAM:

Phillip Washington appeals from the
district court's denial of his petition for a
writ of habeas corpus. Washington asserts
that his conviction for armed robbery was
invalid because the trial judge did not in-
struct the jury to the effect that appellant's
removal from the courtroom for creating a
disturbance had no bearing on his guilt or
innocence. We affirm.

In rejecting appellant's argument on di-
rect appeal, the Supreme Court of Louisi-
ana noted that appellant had neither re-
quested a cautionary instruction nor object-
ed to its absence in the state trial court.
Appellant does not deny here his failure to
act. Instead, he argues that the state trial
judge should have given the cautionary in-
struction "as an independent obligation of
the court." We cannot agree. Appellant
was represented by counsel at trial, and as
the Supreme Court has recently observed,

[u]nder our adversary system, once a de-
fendant has the assistance of counsel the
vast array of trial decisions, strategic and
tactical, which must be made before and
during trial rests with the accused and
his attorney. Any other approach would
rewrite the duties of trial judges and
counsel in our legal system.

*Estelle v. Williams,* 425 U.S. 501, 512, 96
S.Ct. 1691, 1697, 48 L.Ed.2d 126, 134 (1976).
In *Williams* the Supreme Court held that
counsel's failure to object to the defendant's
appearance in court in prison garb barred
assertion of constitutional error in a later
habeas corpus proceeding. The same prin-
ciple is applicable here. *Cf. Wright v. Tex-
as,* 533 F.2d 185 (5th Cir. 1976).

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir.,
1970, 431 F.2d 409. Park I.

Moreover, our examination of the record in this case convinces us that any error which might have been committed was harmless beyond a reasonable doubt. *See Harrington v. California*, 395 U.S. 250, 251–52, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Hernandez v. Beto*, 443 F.2d 634 (5th Cir. 1971). Appellant was caught in the act of committing an armed robbery. Several eye witness identifications were made. The evidence against appellant was, in a word, overwhelming.

AFFIRMED.