Everett BRADLEY, Petitioner-Appellant,

v.

**Louie L. WAINWRIGHT, Division of Corrections, State of Florida, Respondent-Appellee.**

No. 77–1513
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Everett Bradley, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Linda Collins Hertz, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM.

The judgment of the district court denying petitioner's application for a writ of habeas corpus is affirmed on the basis of the district court's opinion annexed as an appendix.

## APPENDIX

Everett Bradley has filed a Petition for a Writ of Habeas Corpus challenging a lifetime sentence of imprisonment imposed by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida on March 26, 1973. Such sentence was imposed pursuant to a jury verdict of guilty to the offense of first degree murder.

Petitioner is presently in respondent's custody.

On March 26, 1976 the Florida Appellate Court, Third District reversed petitioner's conviction and remanded the cause for a new trial. The basis for the court's action was stated as follows:

"On this appeal by the defendant the contention is presented that the court erred when, after having charged the jury on the several degrees of murder and on manslaughter, the court charged the jury that the case presented only one question—that of first degree murder.

It appears that the defendant requested the court to submit the case to the jury on only first degree murder. In effect, that is what the court did. We hold that error was thereby committed, requiring reversal and a new trial, on authority of *Rayner v. State*, Fla.1973, 273 So.[2d] 759; *State v. Washington*, Fla.1972, 268 So.2d 901; *Brown v. State*, Fla.1968, 206 So.2d 377.

The argument of the state that the error should be regarded as harmless since the action of the court was in accordance with the desire of the defendant to have the case submitted on first degree murder only, is without merit. *Rayner v. State*, supra. Also without merit is the state's argument that the error was harmless because the evidence sufficiently established guilt of the charged offense. *State v. Washington*, supra."

However, on April 4, 1974, the state filed a petition for rehearing alleging therein that by failing to object to such instruction the petitioner had no standing to raise the issue on appeal. On April 9, 1974, the peti-

 tioner (represented by the Public Defender) filed a "motion to strike petition for rehearing" alleging the state's non-compliance with Florida Appellate Rule 3.14 governing petitions for rehearings. The Florida Appellate Court, however, on May 29, 1974 granted rehearing and ordered that its opinion and judgment filed on March 26, 1974 be withdrawn and that "this opinion and judgment of affirmance is substituted." *Bradley v. State,* 296 So.2d 595 (Fla.App. 3d Dist. 1974). The decision was predicated upon the rationale that by not objecting to the challenged instruction at the time of trial petitioner waived the presentation of same on direct appeal. Petitioner thereafter unsuccessfully sought certiorari in the Florida Supreme Court.

Petitioner herein challenges the actions of the Florida Appellate Court in granting rehearing and withdrawing its earlier reversal of petitioner's conviction and substituting a judgment of affirmance. Petitioner further challenges the following requested jury instruction: "Since this case has only the question of first degree murder, the issue of premeditated design is important." R. 586.

 This Court observes initially that an appellate court's order reversing a conviction is constitutionally subject to further review by the government by way of a petition for rehearing. *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1974). Moreover, any alleged failure of such petition to comply with state law would not present an issue of constitutional proportions. *Hall v. Wainwright,* 493 F.2d 37 (5th Cir. 1974); *Hayward v. Wainwright,* 454 F.2d 733 (5th Cir. 1972); *Gephart v. Beto,* 441 F.2d 319 (5th Cir. 1971).

 Petitioner also substantively contends that the trial court erred in instructing the jury that petitioner's case presented only the issue of whether he was guilty of murder in the first degree. R. 586. However, it is well settled that habeas corpus does not lie to set aside a conviction on the basis of improper instructions to the jury unless the impropriety is a clear denial of due process so as to render the trial fundamentally unfair. *Higgins v. Wainwright,* 424 F.2d 177 (5th Cir. 1970); *Pleas v. Wainwright,* 441 F.2d 56 (5th Cir. 1970); *Bonner v. Henderson,* 517 F.2d 135 (5th Cir. 1975). At present the record reflects that petitioner (through privately retained counsel) requested that the jury be instructed only as to first degree murder. R. 533.[1] Moreover, the challenged portion of the court's instruction was fully consistent with defense counsel's closing statement in which he argued to the jury that "you have got to find this man guilty of first degree murder or you have got to find him guilty of nothing." R. 577. More importantly, however, defense counsel did not object to the instruction as given. R. 599–602. Accordingly, this Court must conclude that, in light of petitioner's theory of defense and the overwhelming evidence of his guilt, petitioner's constitutional right to a fair trial was not violated by such instruction. In any event, however, petitioner, by his failure to object to such instruction has waived his right to challenge same on constitutional grounds in this federal habeas proceeding. *Estelle v. Williams,* 425 U.S. 50, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Washington v. Maggio,* 540 F.2d 1256 (5th Cir. 1976).

For these reasons, it is

ORDERED AND ADJUDGED that this Petition for Writ of Habeas Corpus be, and the same is hereby, DISMISSED.

---

1. The court instructed the jury as to excusable homicide, justifiable homicide, manslaughter, first degree murder, second degree murder and third degree murder before giving the objected to charge. R. 583–586. The court further fully instructed the jury on the nature of self defense and the element of premeditation.