John L. BRYAN, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, etc., et al., etc., Respondent-Appellee.

No. 78–2004.

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1979.

Before BROWN, Chief Judge, TUTTLE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

John L. Bryan appeals here from the District Court's denial of relief under 28 U.S.C.A. § 2254. Two issues are raised: (1) whether Bryan's failure to comply with the Florida contemporaneous objection rule precludes federal relief, and (2) whether the failure of the Florida trial court specifically to define the phrase "depraved mind" in the course of instructing the jury violated Bryan's Constitutional right to a fair and impartial jury trial. We affirm.

There is little factual and procedural background to consider.[1] Bryan shot and killed George C. Klikna on the first day of 1970 in Deland, Volusia County, Florida. He was indicted by a Florida Grand Jury on January 21, 1970, and charged with first degree murder. On March 10, 1970, the trial jury returned a verdict of guilty of murder in the second degree. On direct appeal, the First District Court of Appeal of Florida reversed Bryan's conviction and initially remanded for a new trial. *Bryan v. State*, 271 So.2d 197 (Fla. 1st Dist.Ct.App. 1972). Eventually, the case was certified to the Supreme Court of Florida which remanded to the First District Court of Appeal for reinstatement of verdict, judgment and sentence. *State v. Bryan*, 287 So.2d 73 (Fla.1974).[2] The United States Supreme Court denied Bryan's petition for a writ of *certiorari* to the Supreme Court of Florida. *Bryan v. Florida*, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974).[3] After ex-

Dan R. Warren, Joseph T. Garlovsky, Daytona Beach, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., A. S. Johnston, Dept. of Legal Affairs, Miguel A. Olivella, Jr., Tallahassee, Fla., for respondent-appellee.

1. *See Gandy v. Alabama*, 569 F.2d 1318, 1319 n.1 (5th Cir. 1978).

2. *See* Fla.Stat.Ann., Fla.Const. Art. V, § 3(b)(3) (1973). The specific question certified was: Is the Florida Standard Jury Instruction in Criminal Cases relating to the offense of manslaughter a correct and accurate statement of the law and a full and complete instruction to the jury in the trial of such offense as held by this Court in the case sub judice, or is it an erroneously misleading instruction to the jury in the trial of such offense as held by this Court in the case of *Claude Padgett v. State of Florida*, Case No. P-470, Opinion Filed August 10, 1972? *State v. Bryan*, 287 So.2d at 74-75.

3. The District Court noted that although the mandate from the Supreme Court of Florida issued in 1974 (rehearing was denied on January 11, 1974), Bryan was not incarcerated until December 8, 1977, when he began to serve his

hausting available state remedies, Bryan petitioned in the United States District Court for the Middle District of Florida for relief under 28 U.S.C.A. § 2254. The present appeal followed the District Court's denial of Bryan's petition.

At the time of Bryan's March 1970 trial, Florida had a contemporaneous objection statute which required objections to be made to jury instructions prior to the jury's retiring to consider its verdict, in order for a party to later assign as error giving or the failure to give an instruction. F.S.A. § 918.10(4) (1970). *See* Fla.R.Crim.Pro. 3.390; Fla.App.R. 6.7g. Prior to submitting the case to the jury, the trial court held a conference on jury instructions and apprised counsel of the planned instruction. No defense objection was made. After the jury was instructed, counsel were asked whether there was any objection to the instructions as given. No defense objection was made. In Bryan's First Motion for New Trial, still no objection was made to the instructions as given. It was not until Bryan's Second Motion for New Trial, filed on June 23, 1970, some three months after trial, that Bryan first raised a challenge to the jury instruction, a challenge which he unsuccessfully made in the State appellate system and in the District Court.

Though we pause to note the difficulty of the procedural issue presented here, we follow the same course taken by the District Court: we need not determine whether the Florida contemporaneous objection rule would bar federal relief under 28 U.S.C.A. § 2254, because we hold that the instruction as given did not deprive Bryan of a fundamentally fair trial.[4]

Substantively, Bryan urges that his trial was fundamentally flawed when the trial court instructed the jury concerning second degree murder, the offense for which he was found guilty. The trial court instructed:

> Murder in the second degree: when perpetrated by any act eminently dangerous to another and evincing a depraved mind regardless of human life although without premeditated design to effect the death of any particular individual, it shall be murder in the second degree and shall be punished by imprisonment in the State prison for life or by any number of years not less than twenty.

This instruction is merely a paraphrase of the Florida murder statute. F.S.A. § 782.-04(2). Bryan contends that because the trial court did not define the phrase "depraved mind" the jurors were left *individually* to envision just what particular state of mind it described. He likens "depraved mind" to other *esoterica* of the law which must be translated into more common prose to be understandable by the average layman. Thus, he would have us conclude that his trial was fundamentally unfair in the Constitutional sense, because the jury was not effectively instructed on each of the essential elements of the crime for which he was convicted. Bryan's argument falls of its own weight, supported as it is by a false premise; we do not believe that "depraved mind" is a phrase so recondite and opaque in its meaning as to escape the jurors' understanding. Thus, we cannot conclude that Bryan has established Constitutional error.

■ Before a federal court may grant relief under 28 U.S.C.A. § 2254 based on an

---

sentence of from six months to twenty years imprisonment. No reason for this lapse is made to appear on the record.

4. *See generally Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Tennon*

*v. Ricketts*, 574 F.2d 1243 (5th Cir. 1978); *White v. Estelle*, 566 F.2d 500 (5th Cir. 1978); *Jiminez v. Estelle*, 557 F.2d 506 (5th Cir. 1977); *United States v. Haynes*, 554 F.2d 231 (5th Cir. 1977); *Washington v. Maggio*, 540 F.2d 1256 (5th Cir. 1976); *Alvarez v. Estelle*, 531 F.2d 1319 (5th Cir. 1976). Given our assumptive analysis beyond the threshold waiver issue, we need not resolve any factual issues raised in Bryan's petition concerning the jury charge conference.

alleged error in a state trial court's unobjected to charge, the error must be so egregious as to rise to the level of a Constitutional violation or so prejudicial as to render the trial itself fundamentally unfair. See Alvarez v. Estelle, 531 F.2d 1319, 1322 (5th Cir. 1976), and cases cited. See also Bradley v. Wainwright, 561 F.2d 1200 (5th Cir. 1977). And, just last term, the Supreme Court observed: "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court. Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977) (note omitted). Though the petitioner-respondent in Kibbe, unlike Bryan, failed to attack the trial court's instruction on his state direct appeal, the Supreme Court emphasized the burden of a petitioner relying on 28 U.S. C.A. § 2254:

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal.[13] The question in such a

[13] The strong interest in preserving the finality of judgments, see, e. g., Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (Powell, J., concurring); Schneckloth v. Bustamonte, 412 U.S. 218, 256–266, 93 S.Ct. 2041, 2062–2067, 36 L.Ed.2d 854 (Powell, J., concurring), as well as the interest in orderly trial procedure, must be overcome before collateral relief can be justified. For a collateral attack may be made many years after the conviction when it may be impossible, as a practical matter, to conduct a retrial.

collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368, not merely whether ". . . the instruction is undesirable,

erroneous, or even 'universally condemned,'" id., at 146, 94 S.Ct., at 400.

In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation—beyond the reading of the statutory language itself—of the causation element. An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. Id. at 1736–37.

■ Although the phrase "depraved mind" could have been better defined and explained,[5] we are not convinced that the instruction given was so prejudicial as to render the trial fundamentally unfair or that any error in the instruction rose to the threshold of a Constitutional violation. We agree that complex legalisms must be translated into prose understandable to the average juror. See United States v. Clark, 475 F.2d 240 (2d Cir. 1973). We cannot agree with Bryan's contention that "depraved mind" is such a complex legalism. Rather, we agree with the Supreme Court of Florida:

> We disagree that the term 'depraved mind regardless of human life' is one which of necessity, absent a request for an instruction or an objection to its not being given, creates fundamental error. It is frankly our view that the average juror pretty well understands what a depraved mind is, and particularly where it is noted at least in partial definition as one which has no regard for human life. This was sufficient for the jury's evaluation in our judgment and we do not find the charges as given to be so recondite in their meaning as to escape the jury's understanding. Sometimes we underestimate the intelligence and comprehension of our juries; they do not have to have

5. The Florida Standard Jury Instructions for Criminal Cases were revised shortly after Bryan's trial. The revised version somewhat expands the "depraved mind" phrase:

> An Act is one imminently dangerous to another and evincing a depraved mind regardless of human life if it is an act (or a series of acts) which (1) a person of ordinary judg-

ment would know is reasonably certain to kill or do serious bodily injury to another, (2) is done from ill will, hatred, spite or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life. In re Standard Jury Instructions in Criminal Cases, 240 So.2d 472 (Fla.S.Ct.1970), quoted in State v. Bryan, 287 So.2d at 74 n.2.

**1112**

every single detail spelled out to them, for they are accepted on the basis of their average and ordinary understanding and intelligence in the ordinary matters of life and in applying the evidence. Furthermore, jurors enjoy the benefit of their composite knowledge, and the privilege of requesting further instruction if desired.

*State v. Bryan*, 287 So.2d at 76. *See also Henderson v. Kibbe*, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

Since we hold that the phrase "depraved mind" is not so recondite and opaque as to require further elucidation under the Constitution, the District Court's denial of the petition is AFFIRMED.