Robert OWENS

v.

W. J. ESTELLE, Jr.

No. SA–78–CA–375.

United States District Court,
W. D. Texas,
San Antonio Division.

May 10, 1979.

Robert Owens, pro se.

Randy E. Drewett, Asst. Atty. Gen., Austin, Tex., for defendant.

## ORDER DISMISSING ACTION

SUTTLE, District Judge.

The Petitioner, Robert McKay Owens, is in state custody pursuant to the judgment and sentence of the 187th Judicial District Court of Bexar County, Texas in Cause No. 74–CR–2253. Petitioner was convicted by a jury upon his plea of "not guilty" of the felony offense of delivery of heroin. The jury found Petitioner to have been twice previously convicted of felony offenses alleged for enhancement purposes, and assessed his punishment at life in the state penitentiary. The Texas Court of Criminal Appeals affirmed Petitioner's conviction. *Owens v. State*, No. 52,437 (May 25, 1977).

The Petitioner asserts seven grounds of constitutional error by the trial court:

1. Application of the "voucher" rule and limited cross-examination of "Skinner" Jackson;

2. Restricted cross-examination of the government's chief witness, Officer Brown;

3. Refusal to charge the jury on the affirmative defense of entrapment;

4. Refusal to charge the jury on a definition of "reasonable doubt";

5. Refusal to charge the jury on affirmative defense of "accommodation agency";

6. Refusal to charge the jury on the credibility of informers; and

7. Refusal to attach requested exhibits to a jury communication during their deliberations.

The government concedes that Owens has exhausted state remedies on these claims. After making an independent examination of the claims, the court concludes that they are all without merit and consequently grants Respondent's motion to dismiss.

■ The question raised by the first ground is whether the Texas "voucher" rule, which forbids a party from impeaching its own witness, operated in this instance to deny Petitioner of his right to a fundamentally fair trial. The trial court would not permit Petitioner to call police informer Skinner Jackson as a hostile witness. When Petitioner called Skinner as his own witness, Petitioner was instructed by the court to limit examination to the heroin transaction itself, and was forbidden to impeach Skinner on any prior convictions since Skinner was the Petitioner's own witness.

A state "voucher" rule can in some circumstances work to deprive a defendant of constitutional rights. Where a defendant was forced to call a witness who had entered a sworn confession of the crime charged, and the defendant was not allowed to cross-examine or impeach the witness about his repudiation of the confession, the Supreme Court held that the combination of the Mississippi voucher and hearsay rules denied the defendant a fundamentally fair trial. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The Fifth Circuit very strictly limits *Chambers* to its facts. *Maness v. Wainwright*, 512

F.2d 88 (5th Cir. 1975), *rehearing en banc granted*, 519 F.2d 1085, *rehearing en banc vacated*, 528 F.2d 1381 (1976).

In this case, Skinner had not confessed to the crime. Indeed, there is no hint that Skinner possessed any clearly exculpatory evidence that was suppressed. Moreover, Petitioner has failed to show how the voucher rule and restricted examination injured him. In spite of the court's actions, the Defendant elicited evidence that informer Skinner had prior dealings with the government, that he was paid for his part in the Owens transaction, that he might have been a drug addict, and that he probably had a criminal record. (R. 146–149, 344–347). The first ground is meritless.

■ In his second ground, Petitioner complains that the judge limited cross-examination of the chief witness for the prosecution, Officer Brown. In fact, the judge merely refused to compel Brown to divulge names of other defendants with whom Brown had had direct narcotic sales. Clearly, the information sought was not germane to the defense. The sole purpose of asking for specific names was to test the Officer's recollection. Again, Petitioner has failed to show how he was harmed by the court's action. Officer Brown's evasive responses and willingness to name one such defendant permitted an inference by the jury that he could not remember more names. (R. 198–200). Furthermore, Brown admitted his fallibility. (R. 200). Any error in not compelling these specific answers does not rise to constitutional proportions so as to warrant habeas corpus relief. *Miller v. Wainwright*, 485 F.2d 185 (5th Cir. 1973), *cert. denied*, 415 U.S. 925, 94 S.Ct. 1431, 39 L.Ed.2d 482 (1974).

In grounds 3, 4, 5, and 6 Petitioner complains of the failure of the trial court to charge the jury on entrapment, accommodation agency, credibility of informers, and the definition of reasonable doubt. It is "well settled that habeas corpus does not lie to set aside a conviction on the basis of improper instructions to the jury unless the impropriety is a clear denial of due process so as to render the trial fundamentally un-

fair." *Bradley v. Wainwright*, 561 F.2d 1200, 1202 (5th Cir. 1977). A review of the record convinces this court that the jury instructions did not render the trial constitutionally deficient.

■ Owens was not entitled to an instruction on entrapment because the evidence adduced at trial did not support that defense. Owens testified at trial that Campbell was an old friend of his who came saying he was sick from his need for heroin and could not get any from his own source, and who asked Petitioner to get some for him. The Court of Appeals found that these facts, even if believed by the jury, would not constitute "persuasion or other means likely to cause persons to commit the offense" within the Texas entrapment statute, V.T.C.A., Penal Code § 8.06(a). The failure to instruct the jury on entrapment did not render the trial fundamentally unfair.

■ The fourth ground alleges error in the court's refusal to define "reasonable doubt" in its charge to the jury. While it may be the rule in most federal courts to define "reasonable doubt," many state courts find that attempts to define the phrase only confuse an otherwise simple concept. *See, United States v. Lawson*, 507 F.2d 433, 441–443 (7th Cir. 1974); 36 Words and Phrases, 510 *et seq.* (1962). Texas law does not require a definition. *Whitson v. State*, 495 S.W.2d 944, 946 (Tex.Cr.App. 1973). The fourth ground for relief is without merit.

■ The statute under which Owens was indicted specifically defines delivery as "the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Tex. Controlled Substance Act, V.A.T.S., Art. 4476–15, § 1.02(8). The Texas Penal Code contains no defense of accommodation agency. *See* V.T.C.A., Penal Code §§ 2.03, 2.04. The fifth alleged ground is meritless.

■ As his sixth ground, Petitioner complains of the court's failure to charge on

the credibility of informer "Skinner." Petitioner called Skinner to the stand; the government did not. Skinner was not questioned by the government nor was his testimony relied on by the State in proof of its case. Where the testimony of an informer is cumulative, and unnecessary, fundamental fairness does not require the court to charge the jury on the credibility of informers. *United States v. Collins*, 472 F.2d 1017, 1019 (5th Cir. 1972), *cert. denied*, 411 U.S. 983, 93 S.Ct. 2278, 36 L.Ed.2d 960. Petitioner was permitted to show Skinner's status as a paid informer. The sixth ground is without merit.

██ In his seventh and final ground, Petitioner refers the court to a note that the jury sent to the judge during deliberations:

The jury is concerned about notes taken by the Defendant and names of the jury and therefore the safety of the jury. Please advise us if these notes pertain to the jury's names.

/s/ Foreman, Lee Bennight

Before the court could respond to this communication, the jury notified the court that it had reached a verdict. The judge ascertained that the jury nevertheless desired an answer to their note, and proceeded to inform them that the Defendant's notes concerned trial strategy and not the names or addresses of any of the jurors. He then retired the jury, who shortly thereafter returned with a guilty verdict. There is no room for an inference that the conviction was the product of the jury's fear. Logically, a verdict of "not guilty" would be the product of fear, and a verdict of "guilty" would be reached in *spite* of fear. The court answered the jury's inquiry and retired them to the jury room. The trial was not rendered fundamentally unfair merely because the judge declined to attach the notes to his written response or because he did not specifically instruct the jury to re-deliberate.

Having found all seven of Petitioner's claims to be devoid of merit, this court denies any relief to Petitioner and dismisses this action with prejudice.

SO ORDERED this 10th day of May, 1979.