**Richard SIMS, Petitioner-Appellant,**

v.

**Joe S. HOPPER, Warden, Georgia State Prison, Respondent-Appellee.**

**No. 79–1599**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**582**

Richard Sims, pro se.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, John C. Walden, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

For the reasons, one excepted, given in the magistrate's report to the district court, we affirm that court's judgment. That report was made and adopted before we found ourselves in the business of reviewing the sufficiency, as opposed to the absence, of evidence in state court convictions. Our former rule was to the contrary. *See, e. g., Young v. Alabama,* 443 F.2d 854 (5th Cir. 1971). The report, therefore, properly declined to consider that question. Being now required to entertain such claims (perhaps retroactively, to one degree or another) and one having arguably been made here, we have reviewed the evidence and are unable to conclude that upon the basis of it "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* ── U.S. ──, ──, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979).

In conducting such a review of the evidence, we have assumed, *arguendo,* that *Jackson* may be applied retroactively, at least to the time when *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), was handed down.[1] We have done so, however, without the benefit of either briefing here on this point or of explicit guidance from the Court above. Having been entirely unable to foresee the substantive result in *Jackson,* we feel even less confidence in our ability to predict whether or to what extent its rule may or may not be applied retroactively. We therefore expressly decline to decide that issue to any extent whatever, fraught as it is with obvious and disastrous practical consequences

for our docket should any substantial number of the thousands of state prisoners confined within out circuit now petition for such a review. In our view, the issue of *Jackson*'s retroactivity should await another day, briefing that directly addresses it, and the more informed counsels that may follow on these things.

AFFIRMED.

---

1. Appellant Sims was convicted in 1974.

