**Denver Ray PATE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.**

No. 79–1588
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1979.

Denver Ray Pate, pro se.

James S. Purdy, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before GODBOLD, RONEY and VANCE, Circuit Judges.

PER CURIAM:

Denver Ray Pate, a state of Florida prisoner, appeals the district court's denial of his petition for writ of habeas corpus, 28 U.S.C. § 2254. We affirm.

■ In 1975 Pate was convicted of premeditated murder by a Florida state court. On direct appeal his conviction was affirmed. After exhausting state remedies, he filed his present petition in the district court on September 9, 1977. In his petition he challenges two evidentiary rulings and one procedural ruling of the state trial

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

**670**

court,[1] and insists that he was convicted on insufficient evidence. The first three points are not argued by Pate in this court and have therefore been abandoned. *Gorham v. Wainwright,* 588 F.2d 178, 179 n. 2 (5th Cir. 1979); *Galtieri v. Wainwright,* 582 F.2d 348, 352 n. 8 (5th Cir. 1978) (en banc).

Pate's own summary of the facts as filed in the state appellate court was adopted and used by both the respondent and the district court. Applying the rule that controlled before *Jackson v. Virginia,* —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the district court held that there was evidence upon which the jury could base a verdict of guilty and that habeas corpus relief would be available only if there is a complete absence of evidence supporting the conviction.

 The intervening opinion of the Supreme Court in *Jackson* does not require reversal in this case. Our review of the evidence under the more stringent *Jackson* standard, whether there was sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt, leads us to the same result as that reached by the district court.[2] The heart of Pate's contention is that he should not be convicted on circumstantial evidence. On a habeas petition, however, we look both to direct and circumstantial evidence in resolving the question of the sufficiency of the evidence underlying the conviction. *E. g., Jackson v. Virginia,* —— U.S. at ——, 99 S.Ct. at 2789, 2792.

Because the issue does not affect the outcome, we have assumed for purposes of this decision that *Jackson* should be applied retroactively. In so doing we follow the precedent of another panel of this court in

*Sims v. Hopper,* 603 F.2d 581 (5th Cir. 1979), and await a more suitable opportunity to resolve the issue.

AFFIRMED.

---

1. The first three grounds asserted by Pate were summarized by the district court as follows:

   1. The trial court's refusal to strike expert testimony on the results of a gun powder residue test as being incompetent and irrelevant.
   2. The admission into evidence over objection of a tape recorded interview between Petitioner and law enforcement officers.
   3. The trial court's exclusion of Officer Don Neal from the operation of the Rule of Sequestration.

2. The district court has not considered the sufficiency of the evidence under the *Jackson* rule. We view a remand for that purpose as unnecessary, however, and resolve the question on appeal as did the courts in *Jackson* and *Sims v. Hopper,* 603 F.2d 581 (5th Cir. 1979).