Claxton Council DAVIS,
Petitioner–Appellee,

v.

L. C. McALLISTER and Jim Smith,
Attorney General,
Respondents–Appellants.

No. 80–5003.

United States Court of Appeals,
Fifth Circuit.
Unit B

Dec. 5, 1980.
Rehearings Denied Jan. 9, 1981.

---

**6.** *See Grace Realty,* 100 So. at 64.

**1258**

■■■■■■■■■■■■

Charles A. Stampelos, Asst. Atty. Gen., Tallahassee, Fla., for respondents–appellants.

Steven L. Seliger, Quincy, Fla. (Court–appointed), for petitioner–appellee.

■■■■■■■■■■■■

Before TJOFLAT, VANCE and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from the district court's grant of a petition for a writ of habeas corpus filed under 28 U.S.C.A. § 2254. Claxton Council Davis was convicted by a jury of forgery under Fla.Stat.Ann. § 831.01 (1976). The First District Court of Appeals of Florida affirmed Davis' conviction. *Davis v. State*, 364 So.2d 19 (Fla. 1st Dist. Ct.App.1978), *cert. denied*, 373 So.2d 457 (Fla.1979). Davis' petition for writ of habeas corpus was filed in the United States District Court for the Northern District of Florida on the sole ground that the evidence adduced at the trial was insufficient to support the jury's verdict. The district court adopted the magistrate's report, granted the petition for writ of habeas corpus, vacated Davis' conviction, and ordered the case remanded to the state trial court for a new trial. We reverse.

Claxton Council Davis was convicted of forging the name "Clayton Davis"[1] as an endorsement on the back of a check in violation of Fla.Stat.Ann. § 831.01 (1976), which provides in pertinent part: "Whoever falsely makes, alters, forges or counterfeits ... an order, ... with intent to injure or defraud any person, shall be guilty of [forgery]." Petitioner Claxton Council Davis proceeded to trial without objection to being tried under that name. The single witness who testified that Claxton had used the name "Clayton" was a bank teller who testified for the state that the defendant on one occasion appeared before her at the bank and signed a signature card representing himself to be Clayton Davis. A handwriting expert testified as an expert witness for the state that the endorsement "Clayton Davis" on the check was written by Claxton Council Davis.

After denying Davis' motion for judgment of acquittal, the trial judge instructed the jury on three statutory elements of the crime of forgery,[2] and, after receiving a request for clarification from the jury, reinstructed them on the elements of forgery.[3]

[1.] Claxton Council Davis and his son, Charles Clayton Davis, were jointly charged with forgery and uttering forged instruments. Only Count One of the information, under which both were charged and under which the petitioner was convicted, is at issue on this appeal.

[2.] The court instructed the jury that:
The essential elements of this offense of forgery, which must be proved beyond a reasonable doubt before there can be a conviction on this count, is that the defendant did sign the name, Clayton Davis, to the order for the payment of money as described in the Information either as the maker or an endorser. *Secondly, the name so signed was that of a person other than the defendant who had not authorized the defendant to sign his name to the instrument*; and thirdly, at the time of such signing the defendant did intend that some person would be injured or defrauded by the use of the instrument so signed.
(Emphasis supplied.)

[3.] The court stated:
I charged you then and I charge you now that it is a crime of forgery for any person to falsely make, alter, forge or counterfeit and order for money with intent to injure or defraud any other person. *The forgery may consist of signing the name of another person* or a firm or corporation *or a name which is not that of any other person*, firm or corporation. It may consist of changing any material part of the instrument such as the amount or the name of the payee. The essential elements of this offense, which must be proved beyond a reasonable doubt in this case before there can be a conviction are No. 1, the defendant did sign the name, Charles Clayton Davis, or Clayton Davis, that the defendant did sign the name, Clayton Davis, to the order for the payment of money described in the Information either as the maker or an endorser; *that the name so signed was that of a person other than the defendant who had not authorized the defendant to sign his name, that is, sign his name to the instrument as the maker or an endorser*; and thirdly, at the time of such signing the de-

Davis made no objection to the trial court's instructions. On direct appeal to the state court of appeals Davis claimed that the trial court erred in denying his motion for judgment of acquittal, arguing that there was insufficient evidence to prove the second element of the offense of forgery as charged to the jury. The court of appeals disagreed, holding that Davis' motion was properly denied and that there was sufficient evidence to take the case to the jury.

In support of his habeas corpus petition, Davis argued that the state failed to prove by sufficient evidence either of the two theories by which it could have proved the second element of the offense as charged to the jury, i.e., that the name signed was not that of the petitioner. Davis conceded that the evidence on the record would reasonably support a finding of guilt beyond a reasonable doubt on the first element of forgery (he signed the name Clayton Davis) as well as the third element (he intended to defraud). The first of the two theories that would prove the second element of the offense is the fictitious name theory and the second is the unauthorized name theory or the theory that the name signed was that of a person who had not authorized the use of his signature by the forger. Davis argued that the jury was not instructed on the former theory and that there was no evidence introduced on the latter theory, al-

legedly the only one on which the jury was instructed.

The district court accepted Davis' claim that he was convicted on the basis of the fictitious name theory [4] and held that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, because that trier of fact had not been fully instructed on all of the essential elements under that theory.[5] The district court also held that, since there was no evidence introduced on the unauthorized signature theory, there was insufficient evidence under that theory. Thus the district court held that Davis' conviction was supported by insufficient evidence, applying the standard of review established in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in which the Court held that the critical inquiry for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789.

■ We emphasize initially that this appeal does *not* involve a direct challenge to the adequacy of the jury instructions. Davis did not present that issue as such to the federal district court,[6] nor does he argue that precise issue before us. We would not

fendant did intend that some person would be injured or defrauded by the use of the instrument so signed. It is not necessary that the defendant intended to use the instrument, himself, or to profit himself from its use. It is sufficient if he intended that some person would use it to injure or defraud. It is not necessary to prove what person the defendant intended to be injured or defrauded if he did intend that some person would be injured or defrauded.

The essence of the crime of forgery is the false and fraudulent making of a written instrument which appears to but does not have the genuine signature of some other person either as maker or endorser.
(Emphasis supplied.)

4. At a hearing on defendant Davis' renewal of his motion for judgment of acquittal after trial, an assistant state attorney stated: "I don't think we need any Clayton Davis to testify in this case. It's a fictitious name according to the evidence."

5. The district court, through its adoption of the magistrate's report, found that "[t]he jury was not instructed *in any manner whatsoever* in this instance that the crime of forgery could have been committed by the signing of an entirely fictitious name as well as by the imitative or unauthorized signing of an [sic] real name .... There is no way by which a rational trier of fact could have found, based on the evidence presented in this case, that the defendant/petitioner signed the name of a real person other than the defendant who had not authorized the defendant to sign his name to the instrument." (Emphasis supplied.)

6. This was apparently because defense counsel failed to make a timely objection at trial to the instructions, and thus Davis was barred by Florida's contemporaneous objection requirement. *Castor v. State*, 365 So.2d 701, 703 (Fla. 1978). *See Wainwright v. Sykes*, 433 U.S. 72, 85–86, 97 S.Ct. 2497, 2505, 2506, 53 L.Ed.2d 594 (1977); *Bryan v. Wainwright*, 588 F.2d 1108, 1110 (5th Cir. 1979).

consider that issue for the first time on appeal absent a miscarriage of justice even if Davis presented that issue to this Court. *Stuckey v. Stynchcombe*, 614 F.2d 75, 77 (5th Cir. 1980). Although the state argues in brief that the real issue is whether the trial court properly instructed the jury, this misunderstanding is readily explained by the fact that Davis' sufficiency of the evidence argument focused almost exclusively on the jury instructions, and by the fact that the district court found that the instructions were inadequate.

The state's position on the sufficiency of the evidence issue before this Court is that the jury was adequately instructed on all of the statutory elements of the offense of forgery, and that the evidence supports a determination that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Davis' argument on appeal is essentially that he was convicted on a theory on which the jury was not instructed.

■ In reviewing the adequacy of a jury instruction the appellate court must examine the entire charge and determine whether, taken as a whole, the issues and the law presented to the jury were adequate. *United States v. Abravaya*, 616 F.2d 250 (5th Cir. 1980); *United States v. Brooks*, 611 F.2d 614 (5th Cir. 1980). Even if the instructions on the fictitious name theory had not been given, although they were in fact given after the jury requested clarification, the instructions considered as a whole were adequate.

■ Further specific instructions on either the fictitious name theory or the unauthorized signature theory were not required because the jury was adequately instructed on each of the elements of the statute, which reads merely "falsely makes, alters, forges or counterfeits," Fla.Stat.Ann.

§ 831.01. The instructions cannot be considered inadequate to have informed the jury of all the elements it was required to consider. The mere fact that the trial court failed to elaborate or enlarge its instructions beyond setting forth the statutory elements of the offense does not constitute constitutional error. *Bryan v. Wainwright*, 588 F.2d 1108 (5th Cir. 1979). Also, the information charging Davis tracked the language of the forgery statute and was legally sufficient. *Johnson v. State*, 351 So.2d 10, 12 (Fla.1977). The trial court recited the charge in its jury instructions.

■ The district court found that the trial court erred in failing to instruct the jury according to the Florida Standard Jury Instructions.[7] The Supreme Court of Florida has given the trial court the initial responsibility of construing the substantive statute involved in the Standard Jury Instructions and has held that the approved instructions are only standards that need not be literally given in each case. *State v. Bryan*, 287 So.2d 73, 74–76 (Fla.1973), *cert. denied*, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974); *In re Standard Jury Instructions in Criminal Cases*, 240 So.2d 472 (Fla.1970). Although the Florida Supreme Court gave general approval to the Standard Instructions, it emphasized that what is important is that sufficient instructions be given to enable a jury to reach a verdict based upon the law as applied to the evidence before it. *Id.*, 287 So.2d at 75. Mere failure of the trial court to follow the Standard Jury Instructions is not error where, as here, the instructions are otherwise sufficient as a statement of the statutory elements of the substantive criminal law as charged in the information. The district court erred in its finding, which was based on the Standard Instructions, that an

---

**7.** The district court determined that the jury instruction concerning the fictitious name theory was inadequate to support a verdict on that theory, and suggested that the Florida Standard Jury Instructions should have been used by the trial court. Those standard instructions provide, with respect to the second element of the

offense of forgery under Fla.Stat. § 831.01, that "The name so signed was that of a person other than the defendant who had not authorized the defendant to sign his name or its name to the instrument *or the name so signed was not the name of any real person.*"

additional element of the offense was essential to the instructions.

■ We reiterate that the only issue before this Court is that of the sufficiency of the evidence. We have discussed the adequacy of the jury instructions only to respond to the state's challenges to the district court's finding, and to emphasize that there was no error in those instructions. Although Davis makes a subtle argument that he was convicted on a theory on which the jury was not instructed, we find that his contention is refuted by a careful reading of the instructions that were given to the jury when it sought clarification of the initial instructions. The trial court, in reinstructing the jury, stated that "[t]he forgery may consist of signing the name of any other person . . . or *a name which is not that of any other person*, firm or corporation." (Emphasis supplied.) This emphasized language was certainly adequate to instruct the jurors on the fictitious name theory of proving forgery. A fictitious name is simply one that is "not that of any other person." The district court was incorrect in holding that the jury was not instructed "in any manner whatsoever in this instance" that forgery could have been committed by the signing of a fictitious name. Thus even if Davis were correct in his assertion that the trial court was required to instruct on the fictitious name theory, that court clearly did so. Considered as a whole, the jury instructions were adequate.

■ The state was required to prove beyond a reasonable doubt each of the elements of the offense of forgery as charged to the jury. Davis concedes that there is sufficient evidence on the record to prove both the first element, that he signed the name Clayton Davis, and the third, that he intended to defraud. We conclude that there was also sufficient evidence to support a jury finding that he held himself out to the bank as Clayton Davis and that his real name was Claxton Council Davis,[8] satisfying by sufficient proof the second element of the offense charged—that the name signed was not that of the defendant. Thus the essential elements of the statutory offense—making or forging with intent to defraud—could have been found beyond a reasonable doubt by a rational trier of fact. On this habeas petition, looking both to direct and circumstantial evidence in resolving the question of the sufficiency of the evidence underlying the conviction, we conclude that the evidence was sufficient to support Davis' conviction. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Pate v. Wainwright*, 607 F.2d 669 (5th Cir. 1979).

We assume, *arguendo*, that *Jackson v. Virginia, supra*, should be applied retroactively, but whether we use the *Jackson* standard of review or the pre–*Jackson* standard (merely "some evidence" required to support conviction, *Anderson v. Maggio*, 555 F.2d 447, 452 (5th Cir. 1977); *Jackson v. Alabama*, 534 F.2d 1136 (5th Cir. 1976)), we reach the same result. We follow prior decisions of this Court in declining to resolve the issue of the retroactivity of *Jackson*. *Tyler v. Phelps*, 622 F.2d 172, 178 (5th Cir. 1980); *Pate v. Wainwright*, 607 F.2d 669 (5th Cir. 1979); *Sims v. Hopper*, 603 F.2d 581 (5th Cir. 1979).

---

**8.** Prosecution witnesses identified the petitioner–defendant as Claxton Council Davis and Claxton Davis. The petitioner notes in brief that there was testimony (the bank teller who identified the petitioner as the man who signed a bank signature card representing himself as Clayton Davis) that his name was Clayton Davis. That evidence, however, was noted by Davis only in the context of an assertion that the state had not proved that a person named Clayton Davis had not authorized the signature. This argument presupposes that the state had proceeded on the unauthorized signature theory and was required to prove that a real person named "Clayton Davis" did not authorize that signature, and that the state did not proceed on the fictitious name theory.

Davis did not present evidence at trial that his name was other than Claxton Council Davis, and made no objection to being tried under that name. Moreover, on appeal, Davis makes no claim in his brief that his name is not Claxton Council Davis.

This Court on review of the district court's grant of the petition for writ of habeas corpus must affirm that court's finding unless we find that it was clearly erroneous. *Brown v. Blackburn*, 625 F.2d 35, 36 (5th Cir. 1980); *Caraway v. Beto*, 421 F.2d 636, 637 (5th Cir. 1970). Because we find that the district court was clearly erroneous in finding that the evidence supporting Davis' conviction was insufficient, its grant of the petition for writ of habeas corpus is REVERSED.[9]

9. Although we conclude that the evidence was sufficient to support the conviction of Davis, we note that the district court erred in remanding for a new trial after determining that the evidence was insufficient. An order of remand for a new trial after a finding of insufficient evidence violates the double jeopardy clause of the Fourteenth Amendment. *Burks v. United States*, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978).