**Ignatius RED, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden Louisiana State Penitentiary, Angola, La., Respondent-Appellee.**

**No. 80-3184**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 12, 1981.

Robert Glass, New Orleans, La. (Court-appointed), for petitioner-appellant.

J. Kevin McNary, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before BROWN, POLITZ and SAM JOHNSON, Circuit Judges.

PER CURIAM:

Ignatius Red appeals the District Court's denial of his habeas corpus petition. Red was accused of participating in the sale of a quantity of heroin to an undercover narcotics officer for $225 in 1973. In 1975, after an initial mistrial, Red was convicted for distribution of heroin, which conviction was affirmed on appeal. *State v. Lewis*, 354 So.2d 566 (La.1978). Red, 20 years old at the time of the offense and with no prior criminal record, was sentenced to mandatory life imprisonment under Louisiana law, and is presently incarcerated in the Angola State Penitentiary. Because the only claim pressed by Red on this appeal was never squarely confronted by the District Court, we dismiss.

Red raised three claims in support of his habeas petition in the District Court. First, he was denied the right to impeach the credibility of a state witness by introducing the transcript from his prior trial. Second, his cross-examination of two state witnesses was wrongfully curtailed. And third, the state court admitted testimony regarding the chain of custody of the heroin without a foundation being laid. The District Court adopted the magistrate's report which concluded that these claims did not warrant federal habeas relief, and dismissed the petition. This Court granted a certificate of probable cause and appointed counsel for this appeal.

██ It is evident from Red's brief that he does not press the second and third claims raised in the District Court on this appeal and consequently we deem them abandoned. *See Pate v. Wainwright*, 607 F.2d 669, 670 (5th Cir. 1979).

██ As for the first claim raised by Red in the District Court we are faced with a different situation. On this appeal, as in the District Court, Red argues that the state trial court committed reversible error by refusing to permit the transcript from his prior trial to be introduced. However, in the District Court Red pursued the theory that this transcript was necessary to impeach the credibility of a key state witness, while on this appeal he pursues a different theory with respect to the transcript. Red now claims that the transcript was needed to demonstrate that he in fact thought he sold cocaine, not heroin, to the undercover narcotics officer, a distinction of no small consequence in Louisiana. Whereas a conviction for distribution of heroin carries a mandatory life sentence (La.Rev. Stat. 40:964), a conviction for cocaine distribution carries a five to thirty year sentence. La.Rev.Stat. 40:967B(1).

Although the District Court was persuaded that the failure of the state court to permit the introduction of the transcript to impeach the credibility of the state witness was harmless error, we are unable to say that the District Court would reach the same conclusion in light of the new theory that the transcript was needed to establish a valid defense to the heroin distribution charge. Upon review of the record, it is evident that this new theory was not squarely confronted by the District Court, and consequently we decline to pass on it at this time. *See Brown v. Alabama*, 619 F.2d 376, 378 (5th Cir. 1980). We also decline to pass on the claim concerning the transcript as it was originally framed in the District Court as it does not appear to be pressed in the same form on the appeal. *Pate*, 607 F.2d at 670.

While we dismiss Red's appeal, we do so without prejudice to any rights he may have to pursue this new theory in the appropriate Courts.

APPEAL DISMISSED.