UNITED STATES of America,
Plaintiff-Appellee,

v.

Curtis Merel MAGOUIRK, a/k/a Skeet
and Curt, Defendant-Appellant.

No. 81–7706
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 9, 1982.

Curtis M. Magouirk, pro se.

Ann C. Robertson, Asst. U. S. Atty., Birmingham, Ala., for the U. S.

Before HILL, VANCE and HATCHETT, Circuit Judges.

VANCE, Circuit Judge:

Curtis Merel Magouirk appeals from the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. Magouirk was convicted after trial by jury of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). While a motion for a new trial was pending, Magouirk entered into a plea agreement with the government. Magouirk agreed to withdraw his motion and waive his right to appeal in exchange for a sentence recommendation in a pending prosecution for two federal firearms violations stemming from the bank robbery.

After sentencing, Magouirk filed a motion to vacate the sentence on the ground that his conviction had been procured through the use of perjured testimony. Specifically, he contends that the government knowingly allowed two prosecution witnesses, codefendants who had entered guilty pleas in the case, to testify falsely about their plea agreements with the government. The district court held that Magouirk's waiver of his right to appeal his conviction precluded consideration of this contention and therefore denied the motion. A panel of the former Fifth Circuit vacated the district court's judgment and remanded the case for a determination whether Magouirk knew the testimony was false at the time he waived his right to appeal.

The district court again denied collateral relief. The court found that one of the two witnesses who had allegedly given false testimony, Joyce Ann Carroll, had actually told the truth about her plea agreement. The district court also found that the testimony of the other witness, R. Shirleen Curd Johnson, had been false and that the government's attorney had inexcusably allowed such testimony to stand uncorrected. Nonetheless, the district court found that the false testimony would not have affected the outcome of the trial and thus did not warrant the requested relief.

■ We have carefully examined the record in this case and we agree with the district court that Carroll did not testify falsely about her plea agreement with the government. While some of Carroll's answers on cross-examination concerning her plea agreement were a bit confusing, she stated explicitly that her plea agreement called for a guilty plea and a recommended fifteen-year sentence.[1] Furthermore, at one point during the cross-examination Carroll's lawyer, Mr. Ines, informed the court and the jury of the sentence and stated that the sentence had not yet been imposed.[2] Consequently, Magouirk's argument that he was convicted on the basis of false testimony by Carroll must fail. It is thus unnecessary to determine whether Magouirk waived his right to raise this objection when he waived his right to appeal his conviction directly.

■ We also agree with the district court that the Assistant United States Attorney inexplicably failed to correct false testimony by Johnson. Although the prose-

---

1. Ultimately, the district court on its own motion sentenced Carroll to a lighter sentence than was called for in the plea agreement. Carroll was sentenced to a ten year prison term.

2. During defense counsel's cross-examination of Carroll, the following testimony was elicited:

Q  Have you entered any sort of plea here?
A  Yes, sir.
Q  What is that?
A  Guilty.
Q  You plead guilty to robbing this bank?
A  Yes, sir.
. . . .
Q  What punishment have you gotten?
A  I am not sure. I think 15 years.
Q  Well, are you going to wait and see what happens? Based on any contingency of what will happen?
A  No, sir, I am just—

Q  Is the punishment you are going to get dependent on the kind of testimony you give in this court?
A  No, sir.
Q  When are you going to know? You mean, you have gone to court here and been sentenced and you don't know what it is?
MR. INES: Your Honor, I will—
MR. DAWSON: We object to that.
THE COURT: He is her lawyer and I have given him the privilege to be present. All right.
MR. INES: May it please the Court, she entered a guilty plea for 15 years in this case.
THE COURT: Has she been sentenced?
MR. INES: No, sir, not at this time. We are awaiting sentence at the present time, Your Honor.

cuting attorney "has the responsibility and duty to correct what he knows to be false and elicit the truth," *Napue v. Illinois*, 360 U.S. 264, 270, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959) (citation omitted), the prosecutor's misconduct does not always render a subsequent conviction illegal. We will overturn a conviction resting in part upon the knowing use of false testimony "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Agurs*, 427 U.S. 97, 103–04, 96 S.Ct. 2392, 2397–98, 49 L.Ed.2d 342 (1976). The false testimony must be material before a conviction will be overturned, and materiality must be evaluated in light of all the evidence adduced at trial. When false testimony is elicited that goes to a witness' credibility, it will be considered sufficiently material to warrant a new trial "only when the 'estimate of the truthfulness and reliability of [the] given witness may well be determinative of guilt or innocence.'" *United States v. Anderson*, 574 F.2d 1347, 1356 (5th Cir. 1978) (quoting *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 765–66, 31 L.Ed.2d 104 (1972)).

In this case, Johnson was not an important prosecution witness. Independent evidence, particularly Carroll's testimony identifying Magouirk as the man with whom she robbed the Indian Springs branch of the First Bank of Alabaster, established Magouirk's participation in the conspiracy and bank robbery. Johnson's testimony merely corroborated the part of Carroll's testimony that concerned events occurring *after* the bank robbery. Johnson's testimony neither placed Magouirk at the scene of the robbery nor concerned evidence establishing any of the elements of the crimes with which Magouirk was charged. At best her testimony was cumulative. Consequently, Johnson's credibility was in no way determinative of Magouirk's guilt or innocence.

Magouirk relies heavily upon *United States v. Barham*, 595 F.2d 231 (5th Cir.

1979), to argue that Johnson's false testimony was material and therefore warrants reversal of his conviction. *Barham* does not, however, control this case. In *Barham* three crucial witnesses were allowed to testify falsely about plea agreements with the government. The court overturned the convictions because "credibility was especially important ... [because] two sets of witnesses—all alleged participants in one or more stages of a criminal enterprise—presented irreconcilable stories." *Id.* at 242–43. The case before us is fundamentally different because of the nature and quality of Carroll's testimony. Essentially, Johnson's testimony supported only the accuracy of Carroll's memory, for it concerned events subsequent to the robbery and it did not identify Magouirk as one of the bank robbers. Johnson's credibility, unlike the credibility of the witnesses in *Barham* or the credibility of Carroll, was not material to the prosecution's case and Magouirk's conviction. Had Carroll testified falsely our conclusion would have been drastically different, but we simply are not faced with the kind of situation when a key witness gives false testimony.

The prosecutor's failure to correct Carroll's misstatements did not infect the jury's verdict. *See Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967) (constitutional error harmless beyond a reasonable doubt). *Cf. Smith v. Phillips*, —— U.S. ——, ——, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982) (touchstone of due process analysis in cases of alleged prosecutorial misconduct is fairness of trial not culpability of prosecutor).[3] Accordingly, Magouirk is not entitled to collateral relief from his conviction.

AFFIRMED.

**3.** Magouirk also contends on appeal that he should not be bound by his plea agreement because part of the original sentence was subsequently vacated. Magouirk failed to raise this contention in the district court, and we

decline to pass upon it in the first instance here. *See Red v. Blackburn*, 636 F.2d 1027, 1028 (5th Cir. 1981); *Brown v. Alabama*, 619 F.2d 376, 378 (5th Cir. 1980).