[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12762
Non-Argument Calendar

_____

D. C. Docket No. 05-00114-CR-3-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRISTAN JAMAL JONES,
a.k.a. Tristan Jamal Fairley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 23, 2007)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

On the evening of October 4, 2005, Christopher Watson, appellant's co-

defendant, persuaded Christopher Carton, a cooperating government witness, to help him remove some currency from the rear quarter panel on the driver's side of a Ford Mustang automobile. Appellant, who, with Watson, had an interest in the cash, was present. When Carton got the panel open, he observed two packages of cocaine, which weighed a kilogram each, instead of the cash. He placed them in the automobile's trunk, in plain sight of Watson and appellant. Watson then placed the packages in a plastic bag. After Carton had restored the quarter panel and put the car back in shape, appellant entered the Mustang on the passenger's side, Watson handed him the plastic bag, Watson paid Carton $175 for his assistance, and Watson and appellant drove away. At this point, Carton called the police, who were nearby, and a high speed chase ensued. When the police caught up with the Mustang, Watson and appellant exited the vehicle, Watson carrying the plastic bag. He dropped the bag and got away. Appellant was apprehended.

A Northern District of Florida grand jury indicted appellant and Watson on October 18, 2005, charging them in Count One with a 21 U.S.C. § 846 conspiracy to violate 21 U.S.C. § 841(a), and in Count Two with a substantive § 841(a) offense. Appellant pled guilty and stood trial.[1] A jury found him guilty on both counts, and the court sentenced him to concurrent prison terms of 135 months. He

---

[1] Watson entered into a cooperating plea agreement with the Government and pled guilty to the Count One offense. He was sentenced to prison for 120 months.

2

now appeals his convictions, contending that the district court abused its discretion (1) in admitting evidence of his prior drug dealing under Federal Rule of Evidence 404(b) and (2) in denying his motion for mistrial based on statements the prosecutor made in closing argument to the jury. We consider these contentions in order.

Rule 404(b) provides that:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b). To be admissible, Rule 404(b) evidence must satisfy three prongs: (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act; and (3) the evidence must possess probative value that is not substantially outweighed by its undue prejudice as well as meet the other requirements of Fed.R.Evid. 403. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). While the prosecution must prove by a preponderance of the evidence that the extrinsic act occurred, the uncorroborated testimony of an

3

accomplice can provide a sufficient basis for concluding that the defendant committed the extrinsic acts. United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000).

"A defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995); see also United States v. Roberts, 619 F.2d 379, 383 (5th Cir. 1980) ("In every conspiracy case, . . . a not guilty plea renders the defendant's intent a material issue and imposes a difficult burden on the government."). To establish relevance under the first prong where testimony of extrinsic acts is offered as proof of intent, "it must be determined that the extrinsic offense requires the same intent as the charged offense." United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001) (quotations omitted).

The Rule 404(b) testimony at issue involved appellant's prior drug transactions with a prosecution witness, Petrose Holland. First, by pleading not guilty, appellant rendered his intent a material issue, and Holland's testimony was relevant in showing that he did not mistakenly enter into the transaction with Watson, but, instead, possessed the intent and knowledge to commit the charged

4

offenses.  See Jernigan, 341 F.3d at 1280; Delgado, 56 F.3d at 1365.  Second,

Holland's testimony was sufficient for a jury to find that appellant had committed

the extrinsic acts.  See Jernigan, 341 F.3d at 1280.  Third, the probative value of

the evidence was not substantially outweighed by its undue prejudice because the

drug transactions were neither too remote in time nor were so different such that

the prejudicial effect of the testimony outweighed its probative value.  See

Jernigan, 341 F.3d at 1280.  For these reasons, we find no abuse of discretion in

the admission of the Rule 404(b) evidence.  We therefore move to appellant's

second challenge to his convictions.

During closing argument, "[a] prosecutor is forbidden to make improper

suggestions, insinuations and assertions calculated to mislead the jury and may not

appeal to the jury's passion or prejudice."  United States  v. Rodriguez, 765 F.2d

1546, 1560 (11th Cir. 1985) (quotation and alteration omitted).  "Although the

prosecuting attorney has the responsibility and duty to correct what he knows to be

false and elicit the truth, the prosecutor's misconduct does not always render a

subsequent conviction illegal."  United States v. Magouirk, 680 F.2d 108, 109-10

(11th Cir. 1982) (quotation and citation omitted) (involving the knowing use of

false testimony).  "The statements of a prosecutor will justify reversal of a

conviction if they undermined the fairness of the trial and contributed to a

5

miscarriage of justice." United States v. Jacoby, 955 F.2d 1527, 1541 (11th Cir. 1992) (quotations omitted). "[A] prosecutor's statements during closing argument require reversal only if the comments are both improper and prejudicial to a substantial right of the defendant." Id. (quotations omitted). In determining whether improper remarks prejudiced a defendant's substantial rights, we evaluate them in the context of the trial as a whole and assess their probable impact on the jury. United States v. Hernandez, 145 F.3d 1433, 1439 (11th Cir. 1998). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the prosecutor's statements, the outcome of the trial would have been different." United States v. O'Keefe, 461 F.3d 1338, 1350 (11th Cir. 2006), cert. denied, 127 S.Ct. 1308 (2007).

In instances where defense counsel's improper argument provokes a response in kind from the prosecutor and the court takes no corrective action, the prosecutor's inappropriate remarks standing alone do not justify reversal of a criminal conviction in an otherwise fair proceeding, but must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. United States v. Young, 470 U.S. 1, 11-12, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1 (1985) (discussing the doctrine of invited reply). "In other words, the Court must consider the probable effect the prosecutor's response would have on

the jury's ability to judge the evidence fairly. In this context, defense counsel's conduct, as well as the nature of the prosecutor's response, is relevant." Id.

Moreover, "because the statements of counsel are not evidence, the district court may rectify improper prosecutorial statements by instructing the jury that only the evidence in the case is to be considered." Jacoby, 955 F.2d at 1541; see also O'Keefe, 461 F.3d at 1350 (concluding that the district court's instructions remedied any likely prejudice caused by the improper comments, noting that the trial court instructed the jury, both before the government's closing argument and after the defendant objected to the government's comments, that the arguments were not evidence and that the jury was to decide the defendant's guilt based solely on the evidence). "[W]hen a district court gives a curative instruction, the reviewing court will reverse only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition." Delgado, 321 F.3d at 1348. In short, "[a] prejudicial remark may be rendered harmless by a curative instruction." United States v. Iglesias, 915 F.2d 1524, 1529 (11th Cir. 1990).

Furthermore, not all inaccurate remarks are improper. See United States v. Daniels, 617 F.2d 146, 150 (5th Cir. 1980) (noting that a "prosecutor's remarks were not improper, although they were not precisely accurate"). "The prosecutor, as an advocate, is entitled to make a fair response to the arguments of defense

7

counsel." United States v. Hiett, 581 F.2d 1199, 1204 (5th Cir. 1978). In certain instances, when a defendant opens the door to comment on an issue, a prosecutor's inaccurate statements may come within the doctrine of fair reply. See Daniels, 617 F.2d at 150 (The prosecutor's remarks were . . . fair comments. The defendant had opened the door to comment on the issue of his cooperation, and the prosecutor's statement fell within the doctrine of fair reply.").

During closing argument, defense counsel argued that appellant had never made any confession to Holland as to the facts of the case, but rather that Holland had learned about the details of appellant's arrest from the "paperwork" that appellant had with him during the time he and Holland were housed together in the same jail cell. In rebuttal, the prosecutor contended that at the time they were cell mates, the government had not provided any paperwork to appellant or his counsel from which Holland could have learned about the facts of the case because appellant had not yet been indicted and, therefore, the government had not provided any discovery material. Defense counsel objected and moved for a mistrial, clarifying that the paperwork she was referring to was a complaint affidavit, and that appellant had this affidavit, containing the facts of his arrest, with him in his jail cell. The trial court denied the motion.

The district court did not abuse its discretion in refusing to abort the

proceedings. First, the prosecutor's rebuttal arguably was a fair reply, given that defense counsel opened the door to such remarks by only using the generic term "paperwork," from which the prosecutor could logically infer that defense counsel was referring to discovery paperwork. Moreover, even if the prosecutor's remarks were improper, they would not mandate reversal because they did not prejudicially affect appellant's substantial rights to the point where there arose a reasonable probability that, but for the prosecutor's statements, the outcome of the trial would have been different. See O'Keefe, 461 F.3d at 1350; Magouirk, 680 F.2d at 109-10. Finally, the court remedied any prejudice with jury instructions that counsels' statements and arguments were not evidence.

AFFIRMED.